**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P. O. Box 800
Hackensack, New Jersey  07602-0800
(201) 489-3000
(201) 489-1536  Facsimile
Attorneys for Defendants, J.T. o/b/o I.T.

| | | |
|---|---|---|
| DUMONT BOARD OF EDUCATION, | : | **UNITED STATES DISTRICT COURT** |
| | : | **FOR THE DISTRICT OF NEW JERSEY** |
| Plaintiff, | : | CIVIL ACTION NO. 2:09-CV-05048 (JLL) |
| | : | |
| v. | : | Civil Action |
| | : | |
| J.T. o/b/o I.T., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED**

Of Counsel:

    Rebecca K. Spar, Esq.

On the Brief:

    Rebecca K. Spar, Esq.
    Michael R. Yellin, Esq.

45605/0002-6084445v1

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

STATEMENT OF FACTS ................................................................................................ 2
    I.    THE ALJ'S OPINION ....................................................................................... 3

LEGAL ARGUMENT ....................................................................................................... 6
    I.    STANDARD OF REVIEW ................................................................................ 6
    II.    DUMONT'S COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ............................................................................................. 7
        A.    DUMONT'S ALLEGATION REGARDING THE ALJ'S ANALYSIS IS INSUFFICIENT TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. .................................................................................................. 7
        B.    DUMONT'S ALLEGATION THAT PUBLIC TAX DOLLARS ARE BEING USED TO EDUCATION I.T. IN AN EXPENSIVE OUT OF DISTRICT PLACEMENT DOES NOT STATE A CAUSE OF ACTION. .................................................. 9
        C.    DUMONT'S ALLEGATION REGARDING THE ALJ'S PRIOR DECISIONS IS ALSO IRRELEVANT AND THUS INSUFFICIENT TO SUPPORT DUMONT'S CLAIM. ......................................................................................................... 10

CONCLUSION ................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Arizmendi v. Lawson, 914 F.Supp. 1157, 1160-61 (E.D.Pa.1996) .................................................2

Ashcroft v. Iqbal, 129 S.Ct. 1937 (May 18, 2009) ...................................................................6, 7, 8

Bell Atlantic v. Twombly, 550 U.S. 544 (2007) ..............................................................................6

Carlisle Area Sch. v. Scott P., 62 F.3d 520, 529 (3d Cir. 1995) .....................................................8

Conley v. Gibson, 355 U.S. 41, 47 (1957) ......................................................................................8

Florence County Sch. Dist. Four v. Carter, 510 U.S. 7 (1993) ..................................................9, 10

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ..................................................6, 7

Green v. Potter, --- F.Supp.2d ---, 2009 WL 3233492, *14 ............................................................2

Lascari v. Board of Educ. of Ramapo Indian Hills Regional High School Dist., 116 N.J. 30, 560 A.2d 1180 (N.J. 1989) ......................................................................................5

Polk v. Central Susquehanna Intermediate Unit 16, 853 F.2d 171, 183-84 (3d Cir. 1988) .............4

Ridgewood Board of Education v. N.E., 172 F.3d 238 (3d Cir. 1999) ...........................................3

S.H. v. State-Operated Sh. Dist. of Newark, 336 F.3d 260 .............................................................8

**STATUTES**

20 U.S.C. § ....................................................................................................................................4

20 U.S.C. § 1401(9)(A)-(D) ...........................................................................................................9

20 U.S.C. § 1412 ............................................................................................................................3

20 U.S.C.A. § 1412(a)(5) ...............................................................................................................4

**RULES**

Fed. R. Civ. P. 8(a)(2) .................................................................................................................6, 7

Federal Rule of Civil Procedure 12(b)(6) ...........................................................1, 2, 6, 7, 8, 10, 11

**PRELIMINARY STATEMENT**

Plaintiff Dumont Board of Education's ("Dumont") Complaint against J.T. o/b/o I.T. ("Defendants") presents a classic example of a failure to state a claim for which could relief can be granted. Unable to avoid the gross deficiency in its pleading, Dumont offers three allegations in support of its sole count. Even when assumed true, and given every possible inference, these allegations amount to nothing more than red herring arguments, designed to distract this Court from a Complaint which cannot be sustained. (A true and accurate copy of the Complaint is annexed to the Certification of Michael R. Yellin ("Yellin Cert.") as Exhibit A.)

Dumont's first supporting allegation is that the Administrative Law Judge ("ALJ") failed to address the issues raised by Dumont in finding that J.T. was entitled to reimbursement for her unilateral placement of I.T. for the 2008-2009 school year. (A true and accurate copy of the September 11, 2009 decision of the Honorable Sandra Ann Robinson, A.L.J. is annexed to the Yellin Cert. as Exhibit B.) In support of this conclusion, however, Dumont does not plead a single dispositive issue that was disregarded by the ALJ. Instead, Dumont leaves it up to this Court to sort through a 97 page opinion and a voluminous record without any guidance as to the dispositive issue which Dumont alleges was ignored. Such a baseless legal conclusion is insufficient to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dumont's second allegation is that public tax dollars are currently being expended by Dumont to transport and educate I.T. in an expensive out-of-district placement, which Dumont alleges is unwarranted under the law. Dumont's allegation has no merit here. The Individuals with Disabilities Education Act ("IDEA") provides for exactly the type of relief awarded by the ALJ in this case. Dumont does not, and cannot, point to any legal basis for this conclusory

allegation. As such, Dumont's Complaint remains insufficiently supported to survive a motion to dismiss for failure to state a claim upon which relief can be granted.

Finally, Dumont concludes by arguing that because this ALJ has been reversed before, in an entirely different matter and with entirely different parties, that reversal in this case is appropriate. Such an argument is almost undeserving of a response. One can imagine the difficulty that our legal system would face if the reversal of a trial judge's prior opinion - in a different case involving different parties - was relevant to a consideration of whether or not to reverse that judge's decision in a different matter. Our legal system would never tolerate such a ludicrous result - devoid of any factual or legal basis - and neither should this Court in this case. Dumont has failed to plead a single relevant allegation in support of its legal conclusions, and thus cannot survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS[1]

At its core, this case is about the rights of I.T., now four year old child, who in March 2008 was found eligible for special education and related services. See Yellin Cert., Exh. B, p. 78, ¶ 25. At issue in the administrative hearing was whether the Individualized Education Plan ("IEP"), offered by Dumont to I.T., would have provided her with a Free Appropriate Public Education ("FAPE") in the Least Restrictive Environment ("LRE") and, if not, whether J.T.'s unilateral placement at the Children's Center at Montclair State University ("The Center")

---

[1] Although typically, as set forth in detail below, a reviewing Court looks to the Complaint when assessing the merits of a motion to dismiss, a Court may also "properly look beyond the complaint to matters of public record including . . . decisions of government agencies and administrative bodies. . . ." Green v. Potter, --- F.Supp.2d ---, 2009 WL 3233492, *14, fn. 5, (D.N.J. 2009) (citing Arizmendi v. Lawson, 914 F.Supp. 1157, 1160-61 (E.D.Pa.1996)). Accordingly, and due to the absence of any such analysis in Dumont's complaint, a brief review of the ALJ's decision, in addition to Dumont's Complaint, is appropriate.

2

offered I.T. a FAPE, entitling J.T. to reimbursement and I.T. to placement at the Center on a going forward basis. See Yellin Cert., Exh. B.

J.T. filed her request for a Due Process Hearing on April 2, 2008. See id., p. 4. The case was transmitted to the OAL on May 19, 2008 and tried before the Honorable Sandra Ann Robinson, A.L.J. See id. After 16 days of hearings, 57 exhibits, and testimony by 4 witnesses for Dumont, and 54 exhibits, and testimony by 3 witnesses for Defendants, the ALJ ruled in favor of Defendants. Id. The ALJ found that Dumont failed to offer I.T. a FAPE in the LRE and, further found that the J.T.'s placement of I.T. in the Center did provide a FAPE in the LRE,[2] entitling J.T. to reimbursement for the cost of the center and placement of I.T. at the Center going forward. Id., p. 87-88.

## I.     THE ALJ'S OPINION

In concluding that Dumont failed to offer I.T. a FAPE in the LRE and that J.T. was entitled to reimbursement for the Center's tuition, the ALJ appropriately applied her Findings of Fact to the law. See Yellin Cert., Exh. B. Neither the ALJ's recitation of the law, nor her application of the facts to that law, has been challenged in Dumont's complaint. See Yellin Cert., Exh. A. Ultimately, because I.T. was found eligible for special education and related services, the ALJ correctly recognized that state and federal law require I.T.'s local public school district, Dumont, to "identify, classify and provide a free appropriate public education to [her]." See Yellin Cert., Exh. B, p. 63 (citing 20 U.S.C. § 1412)).

The ALJ defined a FAPE as,

> special education and related services that are provided at public
> expense, under public supervision and direction, without charge;

---

[2] For reimbursement purposes, a parents unilateral placement does not need to be in the LRE. See Ridgewood Board of Education v. N.E., 172 F.3d 238 (3d Cir. 1999). In this case, however, the ALJ found that the placement of I.T. provides FAPE in the LRE. Yellin Cert., Exh. B, p. 87.

>meeting the standards of the State educational agency; include an appropriate preschool, elementary school, or secondary school education; and provided in conformity with an Individual Education Plan . . . .

Id. (citing 20 U.S.C. §. 1414).  An IEP was explained as:

>a written plan setting forth measurable annual goals and short-term objectives or benchmarks and describing an integrated, sequential program of individually designed instructional activities and related services necessary to achieve the state goals and objectives.

Id., p. 63-64.  The precise educational goals and objectives to be included in an IEP were explained by the ALJ to be defined by state regulations, and include:

>a statement of the pupil's eligibility for special education and related services; a statement of the pupil's present levels of educational performance; a statement of measurable annual goals that relate to the core curriculum content standards through the general education curriculum; a description of the pupil's special education and related services; an explanation of the extent, if any, to which the student shall not participate with non-disabled students in general education classes and in extracurricular and nonacademic activities; and a statement of any individual modifications to the administration of statewide or district wide assessments.

Id., p. 64.

A board of education is required to create an IEP that will "educate a child with an educational disability in the least restrictive environment possible." Id., p. 64 (citing 20 U.S.C.A. § 1412(a)(5)).  The creation of the IEP, the ALJ explained, is done with the goal of providing the child at issue with a FAPE as required by state and federal law.  Id. at 67 (citing Polk v. Central Susquehanna Intermediate Unit 16, 853 F.2d 171, 183-84 (3d Cir. 1988)).

If a parent disagrees with the proposed IEP, a choice must be made as to whether or not to "either go along with the IEP even if the IEP is inappropriate, or to pay for what they believe is an appropriate placement." Id. at 370.  If the parents choose the latter, "parents are entitled to reimbursement for the cost of a unilateral placement if it is found that [1] the program proposed by the district was inappropriate and [2] that the parental placement was appropriate . . . ." Id., p.

4

72 (citing <u>Lascari v. Board of Educ. of Ramapo Indian Hills Regional High School Dist.</u>, 116 N.J. 30, 560 A.2d 1180 (N.J. 1989)).  Under IDEA, the relevant question is not whether a student <u>could</u> in theory receive an appropriate education in a public setting, but whether the IEP developed by the school district <u>would</u> provide such an education." <u>Id.</u>, p. 73 (emphasis added). Dumont's Complaint does not challenge the sufficiency of the legal standard adopted by the ALJ.

Based on 111 exhibits and the testimony from 7 witnesses, the ALJ made 72 Findings of Fact. <u>Id.</u>, pp. 77-86.  In applying the Findings of Fact to the law, the ALJ concluded, as to step one of the analysis, that:

> the Dumont Board of Education did not establish an in-district program and placement that provided a modified education program to address I.T.'s needs whether the program was DIR/Floortime or another modified method recommended by the District.  The Board prepared an IEP that did not include the modifications recommended, discussed and promised for I.T. including DIR/Floortime and the sensory diet and behavior plan recommended by the District.  The District did not incorporate the method of training used in early intervention or a multi-disciplinary, developmental approach. <u>The District did not provide I.T. with a free appropriate public education, of meaningful educational benefit, in the least restrictive environment</u>.

<u>Id.</u> at 87 (emphasis added).  As such, the ALJ turned to the consideration of J.T.'s unilateral placement of I.T.  As to this placement, the ALJ found:

> that the weight of the testimony from petitioner's and respondent's witnesses establishes that I.T. has made meaningful educational progress and benefited from her placement at The Center.  The Center's program has satisfied curriculum recommendations and the five criteria identified in APQI, which are needed to promote engagement and intensity, which are considered essential by New Jersey Department of Education for effective, successful programs for young children on the autism spectrum.  The Center's curriculum, which is aligned to the New Jersey Preschool Teaching and Learning Expectations:  Standards of Quality, addresses the services goals, objectives and services needed by I.T. for a meaningful education.  The Center has challenged, stimulated and encouraged I.T.'s eagerness for progress.  The analysis of progress reports, summary of observation sheets and the "Evidence of Progress Towards Goals", indicate that I.T.'s advancement is equal

5

> to and in some areas beyond the grade level for her age. The compilation of testing information enabled The Center to implement program modifications and supports for I.T. to meet I.T.'s special educational needs and provide her with meaningful educational benefit in the least restrictive environment.

Id. at 87. Accordingly, the ALJ concluded that "the petitioner's decision to unilaterally place I.T. in The Center and to seek reimbursement for that placement was improperly denied by respondent; and therefore, the relief sought in the petition for reimbursements for tuition and verified associated costs, is hereby **GRANTED**." Id. (emphasis in original).

## LEGAL ARGUMENT

### I.   STANDARD OF REVIEW

Dumont's Complaint must be dismissed, because it fails to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Failing to satisfy Rule 8 is grounds for dismissal for failure to state a claim pursuant to Rule 12(b)(6).

The United States Supreme Court, in Bell Atlantic v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (May 18, 2009), recently elaborated upon the pleading requirements of Rule 8(a)(2). In Twombly, the Court explained that

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. As such, "[f]or a complaint to survive dismissal, it 'must contain sufficient factual matter,' accepted as true, 'to state a claim to relief that is plausible on its face.'

Palmer v. Johnson & Johnson Pension Plan, 2009 WL 3029794, *1 (D.N.J., Sept. 17, 2009) (Linares, J.) (citing Iqbal, 129 S.Ct. at 14).

The Third Circuit, in Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) developed a two-part analysis for district courts to follow in considering a motion to dismiss

6

under the heightened Twombly/Iqbal standard.  First, "the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler, 578 F.3d at 210-11.  Next, the Court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." Id. (internal citations omitted).  To determine whether a complaint states a "plausible" claim for relief, the court must "draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 15. As the Court in Iqbal explained:

> [i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 15.  As described in detail below, Dumont's Complaint fails to come close to meeting the requirements of Rule 8(a)(2).  Dumont's Complaint is couched in legal conclusions and irrelevant allegations.  Therefore, the Complaint must be dismissed in its entirety pursuant to Rule 12(b)(6).

## II. DUMONT'S COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Dumont has not alleged a plausible claim for reversal of the ALJ's decision, and therefore the Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### A. Dumont's Allegation Regarding the ALJ's Analysis is Insufficient to State a Claim Upon Which Relief Can Be Granted.

Dumont first alleges that the ALJ failed to address the issues raised by Dumont in its decision.  In support of its conclusion, however, Dumont does not point to any dispositive issues

7

that it raised, which were not considered by the ALJ.  Its baseless and unsupported allegation is insufficient to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  While a Court must accept as true all factual allegations, the Supreme Court has clarified that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S.Ct. at 1949.  The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Id.

In S.H. v. State-Operated Sh. Dist. of Newark, 336 F.3d 260, the Third Circuit clarified the role of the District Court in reviewing decisions by hearing officers, calling the standard a "modified de novo" review.  Id. at 269 (3d Cir. 2003) (reversing a District Court's opinion which concluded, in a one paragraph analysis, that the ALJ simply "got it wrong").  The Third Circuit, in reversing the District Court clarified that reviewing courts are "required to defer to the …[hearing officer's] factual findings unless…[they] can point to contrary nontestimonial extrinsic evidence on the record," id., or "unless the record read in its entirety would compel a contrary conclusion."  Id. (quoting Carlisle Area Sch. v. Scott P., 62 F.3d 520, 529 (3d Cir. 1995).  This is a high standard to meet, and Dumont's Complaint fails to come close to setting forth facts which could plausibly lead this Court to that conclusion.  Instead, in the only paragraph of the Complaint that even hints at this standard, Dumont asserts only that "the decision has no analysis whatsoever with respect to the 'FAPE' issue concerning Dumont's proffered placement for I.T."  Yellin Cert., Exh. A, ¶ 12.  This is not even the applicable standard and absent more, Dumont's Complaint remains grossly inadequate.

Even before Twombly and Iqbal, a complaint was required to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Simply alleging, as Dumont has done here, that a Judge did not consider issues,

8

without any specificity as to what these issue were, does not provide any notice to the Defendants of the grounds upon which Dumont's Complaint rests. The Complaint could not have survived under the Conley standard, and can certainly not prevail under the heightened Twombly/Iqbal approach.

Moreover, a cursory review of the ALJ's decision reveals that there is, in fact, an accurate recitation of the applicable legal standard and an application of the ALJ's Findings of Fact to that law. Thus, not only does Dumont's complaint rely on an incorrect legal standard, the conclusory allegations upon which Dumont relies in an attempt to support that legal standard are baseless. As such, Dumont's Complaint is simply insufficient to survive Defendant's Motion to Dismiss.

**B.     Dumont's Allegation That Public Tax Dollars are Being Used to Education I.T. in an Expensive Out of District Placement Does Not State a Cause of Action.**

Dumont alleges that public tax dollars are currently being expended by it to transport and educate I.T. in an out-of-district placement, which Dumont alleges is contrary to the law. Why Dumont has chosen to include this allegation is puzzling for two reasons: (1) the law guarantees I.T. exactly what Dumont alleges, and (2) the alternative placement Dumont seeks for I.T. is also an out-of-district placement for which Dumont would have to pay.

Under IDEA, every child with a disability, like I.T., is entitled to a FAPE in the LRE provided at the public's expense, without charge to the parent. See 20 U.S.C. §1401(9)(A)-(D). As such, the fact that I.T.'s educational placement is being funded by public tax dollars is not grounds to reverse the ALJ's decision. If parents choose to unilaterally place a child in private placement, the law provides for reimbursement provided the district's proffered placement did not provide a FAPE in the LRE and the parents' placement did provide the child with a FAPE. See Florence County Sch. Dist. Four v. Carter, 510 U.S. 7 (1993). Thus, Dumont's argument here is irrelevant to its Complaint. This point is buttressed by the fact that the placement sought

9

by Dumont for I.T. – Tri-Valley Academy – is an out of district placement which would also be funded by public tax dollars.  As such, Dumont's Complaint remains insufficiently supported to survive a motion to dismiss for failure to state a claim upon which relief can be granted.

### C. Dumont's Allegation Regarding the ALJ's Prior Decisions is Also Irrelevant and Thus Insufficient to Support Dumont's Claim.

Finally, Dumont asserts that because this ALJ has been reversed before, in a different matter involving different parties, that reversal in this case is appropriate.  Such an allegation, even if true, is entirely irrelevant to claim now pursued by Dumont.

In our legal system, trial court judges are sometimes reversed.  Such reversal is not a reflection on the abilities of that judge instead, often it is a reflection on varying interpretations and applications of the law.  To suggest that a motion to dismiss could be supported by relying on the prior reversal of a particular judge, in a different matter and involving different parties, is a meritless argument.  A motion to dismiss requires a reviewing Court to determine whether the facts plead, which are assumed true, support the applicable cause of action.  Thus, here, the question is whether the fact that the ALJ has been reversed before supports a determination that either: (1) that the program provided by the district in this case offered a FAPE in the LRE, or (2) that the placement by J.T. in the Children's Center was inappropriate.  See Florence, 510 U.S. at 15.  Clearly it does not.  As such, Dumont has set forth no relevant basis to support its Complaint and dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate.

## **CONCLUSION**

Dumont's claim against Defendants J.T. o/b/o I.T. are not sustainable as a matter of law. The Complaint fails to allege <u>any</u> dispositive issues disregarded by the ALJ which would be sufficient to satisfy Dumont's claim. Those allegations that are made are entirely irrelevant to the relief sought. Accordingly, the Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

> COLE, SCHOTZ, MEISEL,
> FORMAN & LEONARD, P.A.
> Attorneys for Defendants, J.T. o/b/o I.T.
>
>
> By:   /s/*Rebecca K. Spar*            .
>         Rebecca K. Spar

DATED:  November 2, 2009