NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUMONT BOARD OF EDUCATION,<br><br>Plaintiff,<br><br>v.<br><br>J.T. on behalf of I.T.,<br><br>Defendants. | Civil Action No.: 09-5048 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's Complaint. Plaintiff's Complaint is an appeal of a New Jersey Administrative Law decision in a special education case pursuant to 20 U.S.C. § 1415(i)(2)(B). The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, Defendants' motion is denied.

**I.   BACKGROUND**

Defendant J.T. is the parent of I.T., a four year old autistic child. (Compl. ¶¶ 3-4.) In March 2008, "I.T. became eligible for special education services from the Dumont School District." (Id. at ¶ 4.) J.T. rejected Dumont's suggested placement, filed a Due Process Petition, and placed I.T. in a private school in Montclair. (Id. at ¶¶ 6-7.) "The matter was referred [to an ALJ] by the Office of Special Education Program of the State of New Jersey to the Office of Administrative Law." (Id. at ¶ 8.) After a hearing and briefing, Administrative Law Judge

Sandra Ann Robinson issued a decision "conclud[ing] that Dumont had not offered an appropriate placement for I.T." (Id. at ¶¶ 8, 10-11.) The cost of the private placement is in excess of $100,000 per year. (Id. at ¶ 13.)

Plaintiff presently appeals ALJ Robinson's decision arguing that it is not supported by "a preponderance of evidence" as required. (Id. at ¶ 12.) Plaintiff asserts that in the 98 page decision, ALJ Robinson provided only one paragraph of analysis and provided "no analysis whatsoever with respect to the 'FAPE' [(Free Appropriate Public Education)] issue concerning Dumont's proffered placement for I.T." (Id. at ¶¶ 11-12.)

## II.   LEGAL STANDARD

In general, for a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

## III.   DISCUSSION

Defendants argue that "Dumont's Complaint fails to come close to meeting the requirements of Rule 8(a)(2)" as set forth in Iqbal and Twombly. (Mem. of Law in Supp. of Defs.' Mot. to Dismiss Pl.'s Compl. for Failure to State a Claim Upon Which Relief Can Be

Granted [hereinafter "Defs.' Mem."], at 7.)  They assert that "Dumont does not plead a single dispositive issue that was disregarded by the ALJ," and that "the ALJ appropriately applied her Findings of Fact to the law."  (Id., at 1, 3.)  Defendants state that "the Third Circuit clarified the role of the District Court in reviewing decisions by hearing officers, calling the standard of review a 'modified de novo' review."  (Id., at 8 (quoting S.H. v. State-Operated Sch. Dist. of Newark, 336 F.3d 260, 269 (3d Cir. 2003).)  In S.H., the Third Circuit held that a district court is "required to defer to the ALJ's factual findings unless it can point to contrary nontestimonial extrinsic evidence on the record."  336 F.3d at 269.  Defendants argue that the allegations in Plaintiff's Complaint come no where near to "setting forth facts which could plausibly" meet this "high standard."  (Defs.' Mem., at 8.)  In sum, they argue that Plaintiff's assertions are nothing more than "legal conclusions and irrelevant allegations."  (Id., at 7.)  As such, Defendants argue that Plaintiff's Complaint fails to give them fair notice of Plaintiff's claim.

On the other hand, Plaintiff asserts that "the pleading requirements of Fed. R. Civ. Pro. 8 and 12 have nothing to do with an appeal of an administrative decision."  (Pl. Dumont Bd. of Educ.'s Br. in Opp'n to Defs' Mot. to Dismiss [hereinafter "Pl.'s Opp'n"], at 2.)  Plaintiff's position is that "[t]he filing of a Complaint in Federal Court to appeal the decision of an Administrative Law Judge" alone provides sufficient notice to the court and the opposing parties. (Id., at 2, 6.)  Plaintiff cites no law for this broad proposition.

The Court finds that both parties miss the mark.  The Court agrees with Defendants that Rules 8 and 12 are applicable to Plaintiff's Complaint.  Although Plaintiff's brief points to a lack of citation by Defendants to any district court applying these standards to a motion to dismiss of an IDEA appeal, several district courts have done so.  See, e.g., Breanne C. v. S. York County

Sch. Dist., No. 08-1526, 2009 U.S. Dist. LEXIS 96481, at *3 n.4 (M.D. Pa. Oct. 19, 2009) (applying Rule 12 and the Twombly standard to an appeal of a hearing officer's IDEA decision and dismissing certain damages sought as not appropriate under the IDEA and dismissing some claims as time barred); Del. Valley Sch. Dist. v. P.W., No. 08-1385, 2009 U.S. Dist. LEXIS 38152, at *4 (M.D. Pa. May 5, 2009) (applying the Rule 12(b)(6) standard and dismissing certain counts of a school district's appeal due to a lack of standing).  Additionally, although not brought as a motion dismiss, the Third Circuit in Jonathan H. v. Souderton Area School District applied Rules 12 and 13 to a complaint seeking an appeal of a hearing officer's decision filed pursuant to 20 U.S.C. § 1415(i)(2)(B) and a counterclaim filed in response.  562 F.3d 527, 529-530 (3d Cir. 2009).

However, as pointed out by Plaintiff, the Court notes that Defendants have not cited to any case in which a court has dismissed a complaint seeking an IDEA appeal based on a finding that the allegations plead were insufficient.  The pleading requirements of Rule 8 must be read in light of the fact that this is an appeal of an administrative law judge's decision in which this Court is required to defer to factual findings of the ALJ unless other nontestimonial extrinsic evidence leads to a different conclusion.  Thus, the Court and Defendants, upon filing of a complaint, have notice of the facts not only in the complaint but also in the record below.  This is different than an initial non-appeal complaint, where the complaint is the only document informing a defendant of the claim being asserted.

Additionally, Plaintiff's Complaint does not merely state that it is an appeal of ALJ Robinson's decision.  The Complaint states Plaintiff's position that ALJ Robinson did not engage in an appropriate analysis of the facts and that the conclusion was contrary to the facts

presented, not meeting the preponderance of the evidence standard.  The Complaint further asserts that ALJ Robinson engaged in no analysis "with respect to the 'FAPE' issue concerning Dumont's proffered placement for I.T."  These are legal conclusions in the sense that Plaintiff is asserting that ALJ Robinson applied the law incorrectly to the facts.  This is not the same as an allegation made in a non-appeal complaint asserting, for example, a fraud claim that merely states that a defendant's actions were fraudulent–an allegation which the Iqbal/Twombly standard rejects as insufficient standing alone.  Contrary to Defendants' argument, Plaintiff is not required to allege "a single dispositive issue that was disregarded by the ALJ;" it is the record below, taken as whole, that is at issue.  Therefore, this Court finds that Plaintiff's Complaint is sufficient for purposes of the present appeal.  Additionally, to the extent that Defendants argue that Plaintiff's assertions regarding the cost of the current placement do not state a valid claim, this Court does not read the Complaint as stating a separate claim based on these allegations.  Defendants' motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint is denied. An appropriate Order accompanies this Opinion.

DATED: January 13, 2010              /s/ Jose L. Linares
                                     JOSE L. LINARES
                                     UNITED STATES DISTRICT JUDGE