NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUMONT BOARD OF EDUCATION, | Civil Action No.: 09-5048 (JLL) |
| Plaintiff, | |
| v. | |
| J.T. o/b/o I.T., | **O R D E R** |
| Defendants. | |

Currently before the Court is a motion for reconsideration of this Court's July 15, 2010 Order granting Defendant's motion for attorneys' fees [Docket Entry No. 52], and it appearing that:

1. On May 26, 2010, Defendant filed a motion for attorneys' fees pursuant to Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B). In opposition to Defendant's motion, Plaintiff filed a cross-motion to stay Defendant's application pending Plaintiff's appeal of this Court's May 10, 2010 Opinion and Order to the Court of Appeals for the Third Circuit.

2. On July 15, 2010, after considering Defendant's application, as well as Plaintiff's opposition thereto, this Court entered an Order granting Defendant's motion for attorneys' fees and denying Plaintiff's cross-motion to stay. In doing so, the Court noted, in pertinent part, that "Plaintiff does not dispute that J.T. is the prevailing party for purposes of this motion, that the amount of fees sought are reasonable or that J.T. has satisfied the two part test set forth by the Third Circuit in Wheeler by Wheeler v. Towanda Area School Dist., 950 F.2d 128, 131 (3d Cir. 1991)."

3. Plaintiff now seeks reconsideration of this Court's July 15, 2010 decision on the basis that this Court overlooked a sentence contained in a certification attached to Plaintiff's legal brief which provided: "the Board reserves its right

to oppose Defendants' untimely motion for attorneys' fees and expenses on the merits."

4. Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. L.Civ.R. 7.1(i). Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L.Civ.R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, a court may grant a motion for reconsideration only if the moving party demonstrates that the court, in reaching its prior decision, overlooked a controlling decision of law or a dispositive factual matter which, if considered by the court, might reasonably have resulted in a different conclusion. See, e.g., Polizzi Meats, Inc. v. Aetna Life & Cas. Co. 931 F. Supp. 328, 339 (D.N.J. 1996).

5. The Court has considered the arguments raised in support of and in opposition to the instant motion and, based on the following reasons, finds that reconsideration is not warranted.

6. As a preliminary matter, it appears that the Court did, in fact, overlook the "reservation of right" language contained in the certification attached to Plaintiff's legal brief.

7. Nevertheless, even if such language had been considered by the Court, the Court's analysis would not have resulted in a different conclusion. Plaintiff had every opportunity to oppose Defendant's motion for attorneys' fees "on the merits" but chose not to do so on the date on which its opposition brief was due. Adopting the approach utilized by Plaintiff's counsel (in burying a "reservation of right" to submit additional arguments in opposition to a

properly pled motion at some future point in time in a document attached to its legal memorandum) would, as a practical matter, result in piecemeal litigation and a tremendous waste of judicial resources. Thus, even if the Court had considered Plaintiff's "reservation of right" statement, the Court would not have denied Defendant's motion on such a basis. The Court's reconsideration of its July 15, 2010 Order is, therefore, not warranted. See, e.g.,Polizzi, 931 F. Supp. at 339 ("[O]nly if the matters which were overlooked, if considered by the Court, might reasonably have resulted in a different conclusion will the court entertain" a motion for reconsideration).

8. Even assuming, arguendo, that reconsideration were warranted, the Court finds that the fees sought by Defense counsel are reasonable in the context of special education matters. See Sparr Decl., Ex. A, Docket Entry 45-1 (containing sworn certification by practitioner specializing in special education matters attesting to customary fees charged by other attorneys and/or paralegals in the field). In addition, the Court notes that Defense counsel appropriately broke down its lodestar by rates charged depending on the particular position of the attorney or paralegal involved and submitted a detailed time log for each. See Sparr Decl., Ex. B, Docket Entry 45-1. Thus, Defendant's motion for attorneys' fees was appropriately granted.

Accordingly, **IT IS** on this **7th day of September, 2010,**

**ORDERED** that Plaintiff's motion for reconsideration of this Court's July 15, 2010 Order [Docket Entry No. 52] is **denied.**

**IT IS SO ORDERED.**

JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE